UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| James Stephon McDowell a/k/a James S. McDowell, #332105<br><br>    Plaintiff,<br>vs.<br><br>Carol E. Mitchell-Hamilton, John B. Tomarchio, Tianna R. Randolph, Robert M. Stevenson, III, T. Montgomery, Bryan Sterling and Evelyn Barber, Head Food Supervisor,<br><br>    Defendants. | Civil Action No.: 9:14-2132-BHH<br><br>**Opinion and Order** |

  This matter is before the Court upon the Magistrate Judge's Report and Recommendation ("Report") (ECF No. 80) recommending the Court grant the defendants' motion for summary judgment (ECF No. 59). For the reasons set forth below, the Court agrees with the Report, overrules the plaintiff's objections, and grant's the defendants' motion for summary judgment.

**BACKGROUND**

  The plaintiff, James Stephon McDowell, a state inmate proceeding *pro se*, filed this action pursuant to 42 U.S.C. § 1983 alleging "deliberate indifference to serious medical need," "inadequate medical care," and "cruel and unusual punishment." The plaintiff's complaint provides a long, detailed description of his medical struggles, which appear to be primarily related to issues with his digestive system. The plaintiff seeks injunctive relief and monetary damages.

1

Pursuant to 28 U.S.C. § 636(b) (1)(B) and Local Civil Rule 73.02(B)(2)(d) DSC, the case was assigned to Magistrate Judge Bristow Marchant. On January 23, 2015, the defendants moved for summary judgment. (*See* ECF No. 59.) In support of their motion, the defendants attached the affidavit of John B. Tomarchio, M.D., who is a defendant in the case and one of the physicians who has treated the plaintiff. The defendants also submitted over one hundred pages of the plaintiff's medical records. After being granted an extension of time to respond, the plaintiff filed a lengthy response in opposition to the motion for summary judgment, complete with medical records, research and information regarding the plaintiff's conditions and the medications he was or is taking or wishes to take, various grievances he has filed, and discovery responses he received from the defendants, and a lengthy affidavit that reiterates the allegations of his complaint. On April 7, 2015, Magistrate Judge Marchant issued a Report recommending that the defendants' motion for summary judgment be granted. The Plaintiff filed objections to the Report on April 27, 2015. (ECF No. 86.)

## **STANDARD OF REVIEW**

The Magistrate Judge makes only a recommendation to the district court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the district court. *Mathews v. Weber*, 423 U.S. 261, 270–71, 96 S.Ct. 549, 46 L.Ed.2d 483 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

2

The court is obligated to conduct a *de novo* review of every portion of the Report to which specific objections have been filed. *Id.* However, the court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir.1982) ( "[*D*]*e novo* review [is] unnecessary in . . . situations when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendation."). The court reviews only for clear error in the absence of a specific objection. Furthermore, in the absence of a timely filed, specific objection, the Magistrate Judge's conclusions are reviewed only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005). Additionally, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate judge with instructions." Id.

## **DISCUSSION**

Because the plaintiff has specifically objected to the Magistrate Judge's Report, the Court has conducted a *de novo* review of the Report, the record, and the relevant legal authorities. The Report sets forth in substantial detail the medical chronology as alleged by the plaintiff and as alleged by the defendants in the affidavit of Dr. Tomarchio. It is undisputed that: (1) the plaintiff has continuously complained of stomach and gastro-intestinal problems; (2) that he has been seen by nurses, nurse practitioners, mental health staff, and multiple doctors, including a specialist

(gastroenterologist)[1], (3) that he has repeatedly been given dietary instructions regarding foods that he should avoid and has been placed on alternative diets, including a vegetarian diet and a "heart healthy" diet, (4) that he has been given a number of medications to treat his stomach condition, including but not limited to, Zantac, Prilosec, Zofran, Phenergan, and Maalox; and (5) that he received an endoscopy and was tested for H. Pylori (a test that was negative).  The Magistrate Judge characterized the plaintiff's allegations as follows:

> Plaintiff's complaint is quite simply that the medical personnel referenced in his Complaint did not provide him with the type of medical care *he desired*, that he did not receive some drugs he wanted while he did receive other drugs that he did not want, that sometimes he was not seen immediately (as he wished to be) or was at times seen by nurses or the Nurse Practitioner when he would have rather been seen by a physician, or in particular that he should have been sent to be seen by a gastroenterologist sooner than he was. However, it is clear in the evidence provided to this Court (including Plaintiff's own documentary and testimonial exhibits) that the medical professionals involved in Plaintiff's case evaluated Plaintiff's condition and rendered a judgment as to the type of care and treatment warranted based on their professional experience and judgment . . . .

(Report at 32-33, ECF No. 80.)  Having carefully reviewed the record in this case, the Court finds this summary to be accurate.  The Magistrate Judge recommended that the defendants' motion for summary judgment be granted because the plaintiff's mere disagreement with the treatment he received does not, without more, render such treatment constitutionally inadequate.

Upon review, the Court agrees with the Magistrate Judge that the defendants' motion for summary judgment should be granted.  While the Court is sympathetic to the plaintiff's claims that the treatment he has received has not assuaged his symptoms,

---

[1] According to Dr. Tomarchio's affidavit, the plaintiff has had two hundred thirty-five (235) direct or indirect encounters with medical and mental health staff in just over two years.

that is not enough to establish deliberate indifference, particularly where the record shows that prison medical staff have taken numerous steps to diagnose and treat the plaintiff's condition.

The plaintiff objected to the Report on April 27, 2015.  (*See* ECF No. 86).  The Court has reviewed the plaintiff's objections, but finds them to be without merit.  The plaintiff's first objection is that the Magistrate Judge's construction of the record is not faithful to the standard of review.  However, the Court finds that the Magistrate has correctly applied the standard of review on summary judgment.  While the non-moving party is entitled to have the facts and inferences to be drawn therefrom construed in his favor, *see Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986), ), "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment."  The Magistrate Judge's Report does not reject the plaintiff's factual allegations as false, it simply finds them to be inadequate to support a claim for deliberate indifference, and this Court agrees with that conclusion.

The plaintiff's fourth objection is that the Magistrate Judge erred in his conclusion, stated in footnote 10, that the defendants Stevenson, Sterling, Barber and Montgomery are entitled to dismissal of the claims against them for the additional reason that they were not responsible for the plaintiff's medical care and cannot be held liable in the absence of "an official policy or custom for which they are responsible and which resulted in illegal action."  The Magistrate Judge found that no such policy was presented in the evidence.  The Court agrees with the Magistrate Judge's analysis, but even if it did not, it would not matter because the Court concludes that the plaintiff has

failed to present evidence sufficient to survive summary judgment on claims of deliberate indifference to serious medical needs.

The plaintiff's eighth objection is that Dr. Tomarchio's affidavit, which the Magistrate Judge cited extensively in his Report, is not based on personal knowledge and was made in bad faith. Dr. Tomarchio's affidavit states that, at the time of the matters alleged, he was employed as a doctor for the South Carolina Department of Corrections. (Aff. of John B. Tomarchio, M.D. at 1, ECF No. 59-2.) Dr. Tomarchio indicates in his affidavit where he personally treated the plaintiff or prescribed him medication, and, in the other instances where he did not personally treat the plaintiff, identifies the medical records that he is relying upon. These medical records were submitted along with his affidavit in support of the defendants' motion for summary judgment. Therefore, the record contains independent support for the summary provided by Dr. Tomarchio in his affidavit. Thus the Court concludes that there is adequate evidentiary support for the Magistrate Judge's conclusions. Moreover, the plaintiff has not directed the court to factual allegations in the affidavit and records that the plaintiff maintains are incorrect. Finally, the plaintiff has directed the Court to no evidence of bad faith.

The plaintiff's remaining objections (objections two, three, five, six, and seven) all appear to deal with the issue of whether the evidence before the Court is sufficient to allow the plaintiff to proceed with his claims of deliberate indifference. In support of his arguments, the plaintiff repeatedly points to certain facts he believes are sufficient to withstand summary judgment. For example, the plaintiff argues that the Magistrate did not give sufficient credence to his argument that the defendants were persisting in a

course of treatment they knew to be ineffective (ECF No 86 at 2, 6), that the defendants waited too long to send him to a specialist (*id.* at 4, 6, 8), that the defendants provided him with medications that had negative side effects (*id.* at 8-9), that the defendants have not provided satisfactory dietary options (*id* at 2, 3, 6-7), and that SCDC lacks sufficient policies and training regarding "Gastronal Illnesse(s)" (*id* at 3).

"An official is deliberately indifferent to an inmate's serious medical needs only when he or she subjectively 'knows of and disregards an excessive risk to inmate health or safety.'" *Jackson v. Lightsey*, 775 F.3d 170, 178 (4th Cir. 2014) (quoting *Farmer v. Brennan,* 511 U.S. 825, 837 (1994)). [2] Adopting a conservative course of treatment while gradually prescribing additional drugs and ordering additional tests is not "know[ing] and disregard[ing] an excessive risk to inmate health or safety," particularly where the ailments at issue are conditions like GERD, gastritis, and stomach ulcers. Having carefully reviewed the plaintiff's objections and the evidence submitted by both parties, this Court agrees with the Magistrate that this is not a case of deliberate indifference to serious medical needs, but simply a disagreement between the plaintiff and prison health care staff about the appropriate course and timing of his treatment.

As the Magistrate Judge has correctly observed, a prisoner's disagreement with the judgment of medical professionals, without contrary medical evidence, is insufficient to support a claim for deliberate indifference. *See Jackson v. Lightsey*, 775 F.3d 170, 178 (4th Cir. 2014) ("[W]e consistently have found [that disagreements between an

---

[2] The plaintiff must also show that the condition is "objectively serious" meaning that it has been diagnosed by a physician as mandating treatment or [is] one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Jackson*, 775 F.3d at 178.

inmate and a physician over the inmate's proper medical care] fall short of showing deliberate indifference." (quotation marks and citation omitted); *Wright v. Collins*, 766 F.2d 841, 849 (4th Cir. 1985) ("Disagreements between an inmate and a physician over the inmate's proper medical care do not state a § 1983 claim unless exceptional circumstances are alleged."); *see also Grayson v. Peed*, 195 F.3d 692, 695-96 (4th Cir. 1999) ("the Constitution is designed to deal with deprivations of rights, not errors in judgment, even though such errors may have unfortunate consequences"); *Nelson v. Shuffman*, 603 F.3d 439, 449 (8th Cir. 2010) ("In the face of medical records indicating that treatment was provided and physician affidavits indicating that the care provided was adequate, an inmate cannot create a question of fact by merely stating that she did not feel she received adequate treatment." (quotation marks and citation omitted)).

## CONCLUSION

After a thorough review of the Report, the record, and the applicable law, the Court finds that the plaintiff's objections are without merit. Accordingly, the objections are overruled and the Court adopts the Report and incorporates it herein. The defendants' motion for summary judgment (ECF No. 59) is hereby **GRANTED**.

**IT IS SO ORDERED.**

/s/ Bruce Howe Hendricks
United States District Judge

July 20, 2015
Greenville, South Carolina

*****

## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified that any right to appeal this Order is governed by Rules 3 and 4 of the Federal Rules of Appellate Procedure.